UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD KUERBITZ,

          Plaintiff,

Case No. 2:21-cv-11838

HONORABLE STEPHEN J. MURPHY, III

v.

MICHAEL BOUCHARD, et al.,

          Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT [1]**

Plaintiff, an inmate currently confined at the Oakland County Jail in Pontiac, Michigan, ECF 1, PgID 2, filed a pro se complaint that alleged that jail officials violated his civil rights, *id.* at 3–5. When Plaintiff filed the complaint, he also provided the Court with an application to proceed without prepayment of fees, ECF 2, PgID 10–11, and a current trust account statement from the Oakland County Sheriff's Office, *id.* at 12–18. But Plaintiff failed to submit a certified copy of the trust account statement.

As a result, on August 11, 2021, Magistrate Judge David R. Grand signed an order of deficiency. ECF 3. The order required Plaintiff to submit "a signed certification of [the] trust account from an authorized jail official" or, in the alternative, to pay the $350 filing fee and the $52 administrative fee. *Id.* at 19–20. Plaintiff had thirty days to comply with the order. *Id.* at 20. Plaintiff has failed to comply with the order by neither providing a certified copy of the trust account

1

statement nor paying the filing fee within thirty days of Magistrate Judge Grand's order.

Under 28 U.S.C. § 1915(a)(2), "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees . . . . shall submit a certified copy of the trust fund account statement . . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of [the] prison." Here, Plaintiff failed to provide the Court a certified copy of the trust account statement under § 1915(a)(2). An uncertified trust account statement does not satisfy the § 1915(a)(2) requirement. *See Hart v. Jaukins,* 99 F. App'x. 208, 209–10 (10th Cir. 2004). As a result, Plaintiff did not provide the Court with the documents required by § 1915(a)(2).

When a prisoner "does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee." *Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003) (per curiam) (citation omitted). If there is a failure to comply with the district court's order, the "court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution." *Id.* (citation omitted).

Given that Plaintiff did not comply with Magistrate Grand's order by failing to pay the filing fee or to provide the required certified copy of the trust account statement, the Court will dismiss the complaint without prejudice for want of prosecution. *See id.* Nothing in the Court's order precludes Plaintiff from filing

2

another civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**WHEREFORE**, it is hereby **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to comply with 28 U.S.C. § 1915(a)(2).

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: October 7, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2021, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager